NUMBER 13-02-290-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG 

                                                                                                                     


 

ROSA MARIA MORENO, 

JOSE M. MORENO, MARIA

J. VELA, JORGE LUIS MORENO,

MARY A. GARCIA, ET AL.,                                                             Appellants,

 

                                                             v.

 

LMB, LTD. D/B/A UNIVERSITY

PLAZA,                                                                                             Appellee.

                                                                                                                                      


                                                              

      On
appeal from the 92nd District Court of Hidalgo County, Texas.

                                                                                                                     


 

                               MEMORANDUM
OPINION

 

          Before
Chief Justice Valdez and Justices Yañez and Castillo

                            Memorandum
Opinion by Justice Yañez

 

Appellants Rosa Moreno, et al., as
representatives of the estate of Ernestina Moreno, appeal the trial court=s grant of summary judgment arising out of a
premises liability suit in favor of appellee, LMB, Ltd.  We reverse the trial court=s order and remand this cause for further
proceedings consistent with this opinion.

By two issues, appellants argue that the trial court
improperly granted appellee=s motion for summary judgment because  (1) summary judgment evidence raised fact
issues regarding proximate cause, and (2) genuine issues of material fact exist
regarding the proximate cause of Moreno=s injuries.  

Background

On July 26, 1997, a vehicle struck Ernestina Moreno
as she walked through a parking lot owned by appellee.  Moreno, who prior to the accident had been
diagnosed with cancer, sustained injuries in the accident that included
bruises, scrapes, cuts, lacerations, and Acompound fractures to her leg.@  On August
20, 1998, over a year after the accident, Moreno died.  According to her death certificate, the
causes of death were multiple myeloma and renal failure.  

Following her death, appellants filed suit against
appellee and others on July 23, 1999 alleging, inter alia, premises
liability.  On March 19, 2001, appellee
filed a no-evidence and traditional motion for summary judgment challenging the
proximate cause element of appellants= premises liability claim.  On June 15, 2001, the trial court granted
appellee=s motion and subsequently entered a final judgment
on February 13, 2002.  On May 14, 2002,
appellants filed their notice of appeal.

Discussion








Appellee moved for summary judgment on both
traditional and no-evidence grounds.  In
ruling for appellee, the trial court did not explain the basis for its judgment
and did not specify whether it was granting appellee=s traditional or no-evidence motion.  We therefore discuss both grounds for summary
judgment and explain why summary judgment was improper on either basis.

By appellants= first issue, they argue that the trial court
improperly granted appellee=s summary judgment motion because they presented evidence
regarding the proximate cause of Moreno=s death. 
Appellee contends that (1) appellants produced no evidence to show that
appellee=s conduct proximately caused the accident which
allegedly led to Moreno=s injuries, and (2) an affidavit from Moreno=s former physician, Dr. Garza, is conclusory and
fails to establish his qualifications as an expert on proximate cause.  Appellee therefore claims that the trial
court properly granted summary judgment in its favor.  

No-Evidence Summary Judgment








When considering a no-evidence summary judgment, the
movant does not bear the burden of establishing each element of its own claim
or defense.[1]  Rather, the burden shifts to the non-movant
to present evidence raising a genuine issue of material fact in support of the
challenged elements.[2]  We review the evidence in the light most
favorable to the party against whom the summary judgment was rendered,
disregarding all contrary evidence and inferences.[3]  A no-evidence summary judgment is improper if
the respondent brings forth more than a scintilla of probative evidence to
raise a genuine issue of material fact on the challenged elements.[4]  More than a scintilla of evidence exists if
the evidence Arises to a level that would enable reasonable and
fair minded people to differ in their conclusions.@[5]  We must
affirm summary judgment if any one of the movant=s
theories has merit.[6]  

Appellants= original petition alleged that appellee (1) owed
Moreno a duty as an invitee to exercise ordinary care to keep the premises in a
reasonably safe condition, (2) had a duty to inspect the premises to discover
latent defects, and (3) had a duty to make safe any defects or give an adequate
warning of any dangers.  In support of
their premises liability theory, appellants argued that appellee failed to (1)
provide Moreno with a safe walkway, (2) provide contrasting yellow traffic
paint on the surface where Moreno was struck, (3) provide a flat area through
the road surface for Moreno=s use, (4) provide adequate lighting of the area to
prevent the accident, (5) determine safe speed limits, (6) provide adequate
operating room for moving vehicles, and (7) provide safe placement of
signs.  








In order to prevail on their premises liability
theory, appellants had to prove that (1) appellee had actual or constructive
knowledge of some condition on the premises, (2) the condition posed an
unreasonable risk of harm to the invitee, (3) appellee did not exercise
reasonable care to reduce or eliminate the risk, and (4) appellee=s failure to use such care proximately caused the
plaintiff=s injuries.[7]   Additionally, the components of proximate
cause are cause-in-fact and foreseeability.[8]  The test for cause-in-fact, or Abut for causation,@ is
whether the act or omission was a substantial factor in causing the injury
without which the harm would not have occurred.[9]  The test for foreseeability is whether a
person of ordinary intelligence would have anticipated the danger his or her
negligence creates.[10]  

Appellee=s summary judgment motion challenges only the
proximate cause element of appellants= premises liability claim.  In response to appellee=s motion for summary judgment, the record reflects
that appellants submitted the following evidence in support of their summary
judgment response: (1) a portion of Moreno=s medical records which reflect that she sustained a
compound fracture to her right leg caused by the accident in question; and
(2)  Dr. Garza=s affidavit which states, in relevant part: 








Ernestina Moreno, a former patient of mine, was
being treated for cancer when she suffered a fracture of the distal tibia and
proximal fibula while walking on the parking lot owned and operated by
[appellee].  Prior to this accident . . .
Mrs. Moreno=s condition with regard to her multiple myeloma was
stable. . . .  After suffering her
accident, however, I noticed her condition deteriorate rapidly.  In my medical opinion, based on the
circumstances leading up to Ernestina Moreno=s
death, as I found them to be by physical examinations and consultations,
beginning before her accident and ending on or about the time of her death on
August 20, 1998, the compound fractures to her leg, multiple bruises and edema
throughout her body, scrapes, cuts, and lacerations, and blows to her head and
other parts of her body, led to her untimely death.  In reasonable medical probability, the death
of Ernestina Moreno resulted from her weakened condition caused by the accident
in question.  Therefore, in my opinion,
the conduct of [appellee] substantially caused Ernestina Moreno=s injuries and death.  In short, [appellee=s] conduct, as evidenced by the condition I found
upon examination of her as stated, in a natural and continuous sequence,
produced the condition, which directly caused her unfortunate and untimely
death.  

 

With respect to appellee=s argument challenging Dr. Garza=s qualifications as an expert on causation in
premises liability suits, the record reflects that appellee did not
specifically object to Dr. Garza=s qualifications as an expert.  In order to preserve an issue for appellate
review, a party must object and obtain a ruling from the trial court.[11]  Because appellee failed to object to Dr.
Garza=s qualifications, it did not preserve this issue for
appellate review.[12]  

Regarding appellee=s
contention that Dr. Garza=s affidavit is conclusory, the Texas Supreme Court
has held that an expert must explain the basis of his statements to link his
conclusions to the facts.[13]  Here, Dr. Garza explained that the injuries
sustained as a result of the accident led to Moreno=s death.  We
therefore conclude that his affidavit was not conclusory and was sufficient to
raise a question of fact as to causation.[14]  








Having examined the record in a light most favorable
to appellants and ignoring all contrary evidence and inferences, we conclude
that Moreno=s medical records and Dr. Garza=s affidavit amount to more than a scintilla of
probative evidence to raise a genuine issue of material fact regarding
proximate cause.[15]  Because appellants presented evidence that
would enable reasonable and fair-minded jurors to differ in their conclusion
regarding the proximate cause of Moreno=s death, summary judgment on the no-evidence ground
was improper.[16]

In their second issue, appellants contend that the
granting of appellee=s traditional motion for summary judgment was
improper because genuine issues of material fact exist regarding causation and
appellee=s conduct as the premises owner.  

Traditional Motion for Summary Judgment








In a traditional summary judgment, the movant must
establish that no genuine issue of material fact exists as to at least one
element of the non-movant=s claim and that the movant is entitled to judgment
as a matter of law.[17]  All doubts about the existence of a genuine
issue of material fact are resolved against the movant.[18]  When the trial court does not specify the
basis for its summary judgment, as is the case here, Athe appealing party must show it is error to base it
on any ground asserted in the motion.@[19]  A summary
judgment must be affirmed if any of the theories advanced by the movant are
meritorious.[20]             Appellee contends it was entitled
to summary judgment because appellants failed to establish that it proximately
caused Moreno=s death. 
Specifically, appellee argues that summary judgment was proper because
(1) there was no evidence that its conduct proximately caused Moreno=s death, and (2) Dr. Garza=s affidavit was insufficient to create a genuine
issue of material fact regarding causation.  
We have already determined that Dr. Garza=s
affidavit amounted to more than a scintilla of proof on the element of
proximate cause.  Furthermore, a genuine
issue of material fact exists on this element. 
A traditional summary judgment in appellee=s favor
was therefore improper. 

Conclusion

Having reviewed both grounds on which appellee moved
for summary judgment and concluded that neither ground can support a summary
judgment, we reverse the trial court=s judgment and remand for further proceedings
consistent with this opinion.

 

                                                           
                                           

LINDA REYNA YAÑEZ

Justice

 

 

Dissenting
Memorandum Opinion 

by
Justice Errlinda Castillo

 

Memorandum
opinion delivered and 

filed
this the 16th day of June, 2005.

 











[1]  See Tex. R. Civ. P. 166a(i).  





[2]  See id.  





[3] 
See Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.
1997). 





[4]  See id.  





[5] 
Id.





[6]  See Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).





[7]  See CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 99 (Tex. 2000).





[8]  See Marathon Corp. v. Pitzner, 106 S.W.3d 724, 727 (Tex. 2003) (per curiam).  





[9]  Id.  





[10]  S.W. Key Program, Inc. v. Gil-Perez, 81 S.W.3d 269, 274 (Tex. 2002).





[11]  See Tex. R. App. P. 33.1; see also Mari.
Overseas Corp. v. Ellis, 971 S.W.2d 402, 412 (Tex. 1998).  





[12]  See Tex.
R. App. P. 33.1.





[13]
See Earle v. Ratliff, 998 S.W.2d 882, 890 (Tex. 1999).






[14]  See id.





[15]  See Merrell Dow Pharm., Inc., 953 S.W.2d at 711. 





[16]  See id.  





[17]  See Tex. R. Civ. P. 166a(c); Cate v.
Dover Corp., 790 S.W.2d 559, 562 (Tex. 1990).  





[18] 
See Cate, 790 S.W.2d at 562. 






[19]  See Doe,
915 S.W.2d at 473.  





[20]  State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993).